# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GENESIS MARINE, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. NO. 4:21-CV-00289 |
| | § | |
| SGR ENERGY, INC. | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S ANSWER

TO UNITED STATES DISTRICT COURT JUDGE ESKRIDGE:

Defendant, SGR Energy, Inc. ("SGR") files their Original Answer to Plaintiff's Original Complaint (ECF No. 1) and would show the Court as follows:

1. SGR admits the allegations contained in this paragraph.

2. SGR admits the allegations contained in this paragraph.

3. SGR admits the allegations contained in this paragraph.

4. SGR admits the allegations contained in this paragraph.

5. SGR admits that it entered into a Marine Transportation Services Agreement ("MTSA") dated March 31, 2020. The MTSA speaks for itself and SGR denies the balance of the allegations contained in this paragraph.

6. SGR is without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph If the reference to "Charter Party and Agreement" is to the MTSA, the agreement speaks for itself. SGR denies the balance of these allegations.

7. SGR is without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph If the reference to "Charter Party and Agreement" is to the

MTSA, the agreement speaks for itself. SGR denies the balance of these allegations.

8. SGR is without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph If the reference to "Charter Party and Agreement" is to the MTSA, the agreement speaks for itself. SGR admits that it received invoices and denies the balance of these allegations.

9. SGR denies the allegations in this paragraph.

10. SGR is without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

11. SGR denies the allegations in this paragraph.

## BREACH OF CONTRACT

12. SGR incorporates the answers set forth in Paragraphs 1 – 11 above.

13. SGR admits that it entered into a contract with Genesis as set forth above. SGR denies the remaining allegations in this paragraph.

14. SGR denies the allegations in this paragraph.

15. SGR denies the allegations in this paragraph.

## DAMAGES

16. SGR incorporates the answers set forth in Paragraphs 1 – 11 above.

17. SGR denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

18. SGR's obligations are excused by and the claims of Plaintiff are barred in whole or in part by force majeure as defined in the MTSA. The MTSA provides:

> F. FORCE MAJEURE:… Neither the tug or tow, its captain, Owner or operator nor the Customer shall, unless otherwise in this Agreement expressly provided, be responsible for any loss, damage, delay or failure in performing hereunder arising or resulting from: Act of God, act of War, act

> of public enemies, pirates or assailing thieves, arrest and restraint of princes, rulers and peoples: [sic] or seizure under legal process provided bond is promptly furnished to release the tug and tow or Cargo; strikes, lockout, stoppage or restraint of labor from whatever cause, either partial or general; riot or civil commotion; or any other or similar cause which is beyond their control. …

MTSA at ¶ F.

19. The COVID-19 global pandemic and its impact on the U.S. and global market for crude oil were not known or recognized in the U.S. when the MTSA was executed. However, within a few weeks after the execution of that agreement, the impacts on world and U.S. oil markets caused by the COVID-19 pandemic were devastating, overwhelming and beyond the control of either of the parties to the MTSA.

20. SGR's performance of the MTSA was materially affected by the impacts of the COVID-19 pandemic. Air travel essentially ceased in the U.S. Other forms of transportation ceased. Travel restrictions were implemented worldwide. Businesses were locked down. After the execution of the MTSA, the demand for crude plunged to the point that, on April 20, 2020, the price of crude oil dropped below zero for the first time in trading history. The price of West Texas Intermediate reached -$37.00 per barrel in late April. A combination of storage space unavailability and consumption slump combined to make physical delivery of the commodity impossible for SGR and others in the marketplace.

21. The disruption to the crude oil market caused by COVID-19 caused SGR to be unable to perform under the MTSA. This disruption could not have been reasonably foreseen or provided against by SGR. The oil markets and physical trading of crude oil remain in flux today and are only now beginning to function in recognizable or foreseeable ways.

22. As a result of the force majeure condition caused by the COVID-19 pandemic's impact on crude oil markets, SGR's performance of the MTSA is excused under the terms of the agreement.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff SGR Energy, Inc. pray that upon final hearing hereof:

    a.    Plaintiffs take nothing by this suit;

    b.    This Court enter judgment on behalf of Defendant SGR; and

    c.    Any other relief to which it is justly entitled.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, PC**

By: */s/ D. Mitchell McFarland*
    **D. Mitchell McFarland**
    State Bar No. 13597700
    Federal ID No. 2379
    **J. Mark Deaton**
    State Bar No. 24069588
    Federal ID No. 1094927
    Houston, Texas 77002
    Telephone: (713) 222-1470
    Facsimile: (713) 222-1475
    Email: mmcfarland@munsch.com
    Email: mdeaton@munsch.com

**ATTORNEYS FOR DEFENDANT SGR ENERGY, INC.**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing was served upon the following counsel of record on March 15, 2021 pursuant to the Federal and Local Rules of Civil Procedure:

Evans Martin McLeod
Justin C. Warner
Arthur R. Kraatz
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana 7030
*Attorneys for Plaintiff*

                              */s/ D. Mitchell McFarland*
                              **D. Mitchell McFarland**